**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VANESSA COLANGELO,**

              **Plaintiff,**

    **v.**

**HAMILTON COLLEGE; KAREN LEACH;**
**ROGER WAKEMAN; LUCY BURKE;**
**NATHAN GOODALE; JEFF LANDRY; LISA**
**MAGNARELLI; TERRY MARTINEZ;**
**ADINA MUJIC; JOE SHELLEY; STEVE**
**STEMKOSKI; CAZ ULLEM; DAVID**
**WIPPMAN,**

              **Defendants.**
_____

**COMPLAINT**
    6:23-CV-1464 (DNH/ML)

**Civil Action Number:**
_____

**JURY TRIAL DEMANDED**

Plaintiff Vanessa Colangelo by and through her undersigned counsel respectfully alleges as

follows:

**JURISDICTION AND VENUE**

1. This action is for the discriminatory discharge and illegal retaliation against Plaintiff by

    Defendants brought pursuant to the Title VII of the Civil Rights Act of 1964, as

    amended [hereafter "Title VII"] and the New York State Executive Law, Article 15 –

    Human Rights Law [hereafter "HRL § 296"].

2. The jurisdiction of this Court is predicated on the existence of federal questions, pursuant

    to 28 U.S.C. 1331 and 1343.

3. This Court also has jurisdiction pursuant to 42 U.S.C. 2000e-5 (f) (3).

4. Pursuant to 28 U.S.C. §§ 1367 (A) supplemental jurisdiction of this Court is invoked to hear all claims born out of state law because all causes of action arise out of the same common nucleus of facts as plead in the following paragraphs.

5. This action is properly venued in the United States District Court for the Northern District of New York because the facts of which these causes of action arise occurred within the District, and upon information and belief the Plaintiff is domiciled within said District and Defendant Hamilton College maintains its principal place of business within said District.

6. Based on the allegations below, venue is proper in the United States District Court for the Northern District of New York.

7. Plaintiff timely requested and the Equal Opportunity Employment Commission [hereafter "EEOC"] did issue a Charge for discrimination and retaliation in violation of Title VI and the ADA against Defendant Hamilton College for the actions described below.

8. The EEOC assigned charge number 525-2022-01258 to the charge.

9. On October 27, 2023, Plaintiff's counsel received a right to sue letter from the EEOC, a true copy of which is attached hereto as **Exhibit A**.

10. Therefore, Plaintiff has exhausted her administrative remedies and satisfied the conditions precedent to suit.

11. There is a related matter presently pending before this District Court.

12. Specifically, on or about October 10, 2023, the US District Court Clerk for the Northern District of New York issued Summons in the case of <u>O'Neil v. Hamilton College, et al.</u>, 6:23-cv-01254 (DNH/ML) hereafter referred to as the "related case".

13. The related cases arise out of the same facts as the instant case at bar, as both cases arise out of Hamilton College's discriminatory 2021 policy of mandatory COVID-19 vaccination for pregnant women, and refusing to allow said pregnant women to continue to work from home (which they had been for a significant period of time due to the COVID-19 pandemic) until they gave birth at which point they would be vaccinated.  As a result, the same Defendants are named in the related case and the instant case at bar.

14. Accordingly, both the related case and the instant case share facts, share Defendants, share legal issues, and it would be in the interest of judicial economy to have them heard by the same District and Magistrate Judges.

### <u>PARTIES AND RELEVANT NON-PARTIES</u>

15. Plaintiff, Vanessa Colangelo, during all relevant times herein was and is an adult and a citizen of the United States of America, residing in the State of New York.

16. Plaintiff is female.

17. At the time of the unlawful acts of discrimination and retaliation by Defendants, Plaintiff was pregnant.

18. Plaintiff was an employee of Defendant Hamilton College.

19. Plaintiff was hired by Defendant Hamilton College on August 10, 2015, as the Assistant Director of Visual Communications, engaged in graphic design work.

20. Upon information and belief Defendant Hamilton College, was founded on July 1, 1793 as the Hamilton-Oneida Academy and was then chartered as Hamilton College in 1812 who, upon information and belief, maintains a campus generally located at 198 College Hill Road, Clinton, New York, 13323 and employed many of the individual Defendant(s) at all relevant times herein.

21. Generally speaking, Defendant Hamilton College is a liberal arts college located in Clinton, New York.

22. Defendant Hamilton College employs the requisite number of employees such that they are subject to Title VII, and HRL § 296.

23. In an effort to address the Covid-19 pandemic, Defendant Hamilton College, during all relevant times herein, established a "Covid-19 Task Force."

24. Upon information and belief, the Covid-19 Task Force conducted its business at 198 College Hill Road, Clinton, New York, 13323.

25. According to Hamilton College's website, the individual members of the Covid 19 Task Force were Karen Leach, Roger Wakeman, Lucy Burke, Nathan Goodale, Jeff Landry, Lisa Magnarelli, Terry Martinex, Adina Mujica, Joe Shelley, Steve Stemkowski, Caz Ullem and David Wippman.  Attached hereto as **Exhibit B** is a copy from Hamilton College's website of the composition of the Covid 19 Task Force as it stood on February 6, 2022.

26. Many of the members are considered supervisors/officers for Defendant Hamilton College.  (**Exhibit B**).

27. Upon information and belief and as alleged below, the Covid 19 Task Force has the power to make personnel decisions for Hamilton College which in turn would result in the termination of employees.  Important here, and as explained below, said Covid-19 Task Force determined who of Hamilton's College's workforce would be granted a Covid-19 vaccination accommodation from Hamilton College's compulsory Covid -19 vaccination policy for employees.  Such decisions would affect the status and conditions of employment for the College's employees and therefore the Covid-19 Task Force certainly did exercise a degree of control over said employees.

28. Upon information and belief, per the factual allegations below, the Covid 19 Task Force was independently charged with making the Covid-19 mandatory vaccination decisions for Defendant Hamilton College such that the Covid-19 Task Force members were making personnel decisions in this regard, and were *not* carrying out personnel decisions made by others.

29. Upon information and belief, members of the Covid 19 Task Force held high-level or student positions with Defendant Hamilton College such that they had a personal interest in the economic success of the Defendant Hamilton College.

30. Therefore, per applicable New York State caselaw, the members of the Covid-19 Task force are sued as Defendants on the New York State Law HRL § 296 claims.

## **STATEMENT OF FACTS**

31. In March 2020 Plaintiff began to work from home for Defendant Hamilton College due to the Covid-19 pandemic.

32. At all times relevant herein, Plaintiff worked from home without incident and there were no complaints from Hamilton College concerning Plaintiff's work performance/work product during this time.

33. Then Plaintiff became pregnant.

34. On or about April of 2021, Plaintiff informed Hamilton College, her employer, that she was pregnant.

35. On or about July 7, 2021, Defendant Hamilton College announced via email its mandatory COVID-19 vaccination policy which put Plaintiff on notice of said policy.

36. A true copy of said July 7, 2021, email is attached hereto as **Exhibit C**, as it was filed as Exhibit C of Hamilton College's position statement with the Equal Employment Opportunity Commission [hereafter "EEOC"].

37. In response to the **Exhibit C** email, Ms. Colangelo did comply with its directive and did send an email to the Human Resources Director Stephen Stemkowski on July 13, 2021.

38. A true copy of said email chain is attached hereto as **Exhibit D** which was filed at Exhibit E of Hamilton College's position statement with the EEOC.

39. However, as evidenced through the email chains, and throughout the entire exchange, Stephen Stemkowski was unwilling to respond in writing, but instead wanted to talk over the phone.

40. Then on July 28, 2021, Ms. Colangelo learned, for the first time, of the August 2, 2021, deadline for the requests for exemptions via Karen Leach's email which was sent as "URGENT".

41. A true copy of said email chain is attached hereto as **Exhibit E** which was filed at Exhibit F of Hamilton College's position statement with the EEOC.

42. Indeed, the email was likely sent as urgent because it only provided Ms. Colangelo with three business days to make her request for a medical or religious exemption.

43. A three business day time period for such a request is per se unreasonable and illegal as an employer cannot unilaterally suspend federal civil rights employment law with its own superficially imposed arbitrary deadline.  Rather, an employer must entertain the request at the time an employee makes it.

44. Nevertheless, Ms. Colangelo did her best to make such a request.  Accordingly, Ms. Colangelo, within fifteen minutes, emailed Ms. Leach back stating that she would be speaking with her physician.  (See **Exhibit E**).

45. On August 2, 2021, Ms. Colangelo's physician informed her that she would not write a doctor's note for a medical exemption.

46. Accordingly, on August 3, 2021, Ms. Colangelo' called Ms. Leach and explained the situation and her concerns.

47. During said conversation Ms. Colangelo asked Ms. Leach for an accommodation to continue to work from home for a few more weeks until she gave birth to her child, at which point she would get vaccinated.

48. Furthermore, Ms. Colangelo had explained to Ms. Leach that she already had permission from her immediate supervisors to continue to work from home until she gave birth and went out on maternity leave.

49. As it appeared to Ms. Colangelo, Ms. Leach was receptive of this reasonable request.

50. Consequently, Ms. Leach instructed Ms. Colangelo to write a letter to the Covid-19 Task Force Committee explaining to the Committee what the two had just discussed.

51. Therefore, on August 4, 2021 at 7:45 am, Ms. Colangelo, following Ms. Leach's direction, emailed Ms. Leach her request for a medical accommodation.

52. A true copy of said email chain is attached hereto as **Exhibit E** which was filed at Exhibit G of Hamilton College's position statement with the EEOC.

53. As explained in the **Exhibit E**, Ms. Colangelo's request was to not get vaccinated and continue to work for home for only an additional estimated three more weeks based on her due date, at which point she would go out on maternity leave and become vaccinated before returning to campus.

54. Ms. Leach informed Ms. Colangelo to forward the email to Stephen Stemkowski, which she did immediately.

55. Then on approximately August 15, 2021, Ms. Colangelo reached out to Stephen Stemkowski for an update.

56. Then on approximately August 17, 2021, Stephen Stemkowski returned Ms. Colangelo's call informing her that the Covid-19 Task Force Committee had denied her medical request for an accommodation.

57. Upon information and belief, Stephen Stemkowski never committed this denial to writing.

58. Ms. Colangelo then decided to apply for a religious exemption.

59. Specifically, on August 19, 2021, she received the certificate from her Church and filled out the College's religious accommodation form, which she forwarded to Stephen Stemkowski via two emails on August 20, 2021, and August 22, 2021.

60. **Exhibits G and H** are said August 20, 2021, and August 22, 2021, email chains which were respectively Exhibits H and I to Hamilton College's position statement submitted to the EEOC.

61. Then on August 24, 2021, Stephen Stemkowski called Ms. Colangelo to inform her that the Covid-19 Task Force Committee had denied her request for a religious accommodation because it was untimely, and she would be terminated.

62. Upon information and belief, Stephen Stemkowski never committed this denial to writing.

63. Upon information and belief, Stephen Stemkowski never committed this termination to writing.

64. Upon information and belief, Ms. Colangelo was terminated from Hamilton College's employment on August 25, 2021.

65. However, Stephen Stemkowski never committed anything to writing, so Ms. Colangelo had to memorialize her own termination via the email chain attached hereto as **Exhibit I** which was filed as Exhibit J of Hamilton College's position statement with the EEOC.

**AS AND FOR A FIRST CAUSE OF ACTION**
**A CLAIM OF DISCRIMINATORY DISCHARGE IN VIOLATION OF TITLE VII**
**AGAINST DEFENDANT HAMILTON COLLEGE ON THE BASIS OF**
**SEX/PREGNANCY**

66. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

67. As factually plead above Plaintiff was at all times relevant a pregnant female, both of which are protected classes under Title VII.

68. As factually plead above, Plaintiff was qualified to hold her position as the Assistant Director of Visual Communications doing graphic design.

69. Additionally, Plaintiff was never disciplined for her work performance/work product as the Assistant Director of Visual Communications doing graphic design work.

70. Furthermore, Plaintiff was praised several times for her work performance as the Assistant Director of Visual Communications doing graphic design.

71. As factually plead above, Plaintiff suffered adverse employment action as she was terminated on August 25, 2021.

72. As factually plead above, Plaintiff experienced discrimination as she was forced to choose between her job, which required her to submit to an uncertain COVID 19 vaccine, and making autonomous medical decisions related to her pregnancy and unborn child.  A non-pregnant person or a man would never have to make this choice. Accordingly, this is discrimination.

73. As factually plead above, Defendant Hamilton College never put in writing why she was terminated.

74. As factually plead above, Defendant Hamilton College failed to do so, and their actions make clear that Plaintiff was terminated because she chose her child over her job.

75. Therefore, to remedy this claim of discriminatory discharge in violation of Title VII, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### A CLAIM OF FAILURE TO ACCOMMODATE IN VIOLATION OF TITLE VII AGAINST DEFENDANT HAMILTON COLLEGE ON THE BASIS OF SEX/PREGNANCY

76. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

77. As factually plead above, at all times relevant Plaintiff was a pregnant female.

78. As factually plead above Plaintiff requested accommodations and attempted to engage in the interactive process with Defendant Hamilton College on July 13, July 28 and August 4 of the year 2021. (See **Exhibits D; E and F**).

79. As factually plead above, at no point did Defendant Hamilton College via the Covid-19 Task Force engage in an interactive process with Plaintiff but instead summarily denied her request for an accommodation.

80. Upon information and belief, the Defendant Hamilton College did accommodate other non-pregnant employees by allowing them not to get vaccinated but instead to submit to COVID testing twice a week, which was one of the exact accommodations Plaintiff had requested and was denied.

81. As factually plead above, Defendant Hamilton College never put in writing why she was terminated.

82. As factually plead above, Defendant Hamilton College failed to do so, and their actions make clear that Plaintiff was terminated because she chose her child over her job.

83. Therefore, to remedy this claim of a failure to accommodate in violation of the Title VII, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION**
**A CLAIM OF RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII**
**AGAINST DEFENDANT HAMILTON COLLEGE ON THE BASIS OF**
**SEX/PREGNANCY**

84. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

85. As factually plead above, on or about on July 13, July 28 and August 4 of the year 2021 Plaintiff engaged in protected activities under Title VII with Defendant Hamilton College and its Covid-19 Task Force. (See **Exhibits D; E and F**).

86. As factually plead above, Defendant Hamilton College was aware of the above cited protective activities that Plaintiff engaged in.

87. As factually plead above, Defendant Hamilton College took an adverse job action against Plaintiff by terminating her on August 25, 2021.

88. Said termination was in retaliation for Plaintiff's protected activity due to the close proximity of time between the protected activities and Plaintiff's termination.

89. Therefore, said termination was in violation of Title VII.

90. Therefore, to remedy this claim of retaliatory discharge in violation of Title VII, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**A CLAIM OF DISCRIMINATORY DISCHARGE IN VIOLATION OF TITLE VII**
**AGAINST DEFENDANT HAMILTON COLLEGE ON THE BASIS OF RELIGION**

91. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

92. As factually plead above Plaintiff was at all times relevant held sincerely religious beliefs concerning the COVID-19 vaccine which were protected under Title VII.  (See **Exhibit H**).

93. As factually plead above, Plaintiff was qualified to hold her position as the Assistant Director of Visual Communications doing graphic design.

94. Additionally, Plaintiff was never disciplined for her work performance/work product as the Assistant Director of Visual Communications doing graphic design.

95. Furthermore, Plaintiff was praised several times for her work performance as the Assistant Director of Visual Communications doing graphic design.

96. As factually plead above, Plaintiff suffered adverse employment action as she was terminated on August 25, 2021.

97. As factually plead above, Plaintiff experienced discrimination as she was forced to choose between her job and following her sincerely held religious beliefs.  A person that did not hold such religious beliefs would never have to make this choice.  Accordingly, this is discrimination.

98. As factually plead above, Defendant Hamilton College never put in writing why she was terminated.

99. As factually plead above, Defendant Hamilton College failed to do so, and their actions make clear that Plaintiff was terminated because she chose her religion over her job.

100. Therefore, to remedy this claim of discriminatory discharge in violation of Title VII, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay,

lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
### A CLAIM OF FAILURE TO ACCOMMODATE IN VIOLATION OF TITLE VII AGAINST DEFENDANT HAMILTON COLLEGE ON THE BASIS OF RELIGION

101. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

102. As factually plead above, at all times relevant Plaintiff's sincerely held religious beliefs were conflicting with the COVID-19 vaccine which were protected under Title VII. (See **Exhibit H**).

103. As factually plead above Plaintiff requested accommodations and attempted to engage in the interactive process with Defendant Hamilton College on August 20, 2021, and August 22, 2021. (See **Exhibits G and H**).

104. As factually plead above, at no point did Defendant Hamilton College via the Covid-19 Task Force engage in an interactive process with Plaintiff but instead summarily denied her request for an accommodation.

105. Upon information and belief, the Defendant Hamilton College did accommodate the religious beliefs of other employees by allowing them not to get vaccinated but instead to submit to COVID testing twice a week, which was one of the exact accommodations Plaintiff had requested and was denied.

106.  As factually plead above, Defendant Hamilton College never put in writing why she was terminated.

107. As factually plead above, Defendant Hamilton College failed to do so, and their actions make clear that Plaintiff was terminated because she chose her religion over her job.

108. Therefore, to remedy this claim of a failure to accommodate in violation of the Title VII, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**A CLAIM OF RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII**
**AGAINST DEFENDANT HAMILTON COLLEGE ON THE BASIS OF RELIGION**

109. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

110. As factually plead above, on or about on August 20, 2021, and August 22, 202 of the year 2021 Plaintiff engaged in protected activities under Title VII with Defendant Hamilton College and its Covid-19 Task Force.  (See **Exhibits G and H**)

111. As factually plead above, Defendant Hamilton College was aware of the above cited protected activities that Plaintiff engaged in.

112. As factually plead above, Defendant Hamilton College took an adverse job action against Plaintiff by terminating her on August 25, 2021.

113. Said termination was in retaliation for Plaintiff's protected activity due to the close proximity of time between the protected activities and Plaintiff's termination.

114. Therefore, said termination was in violation of Title VII.

115. Therefore, to remedy this claim of retaliatory discharge in violation of Title VII, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### A STATE LAW CLAIM OF DISCRIMINATORY DISCHARGE ON THE BASIS OF SEX AND/OR PREGNANCY IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS

116. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

117. As factually plead in the foregoing First Cause of Action, on August 25, 2021, Defendants discharged Plaintiff in violation of HRL § 296.

118. Therefore, to remedy this claim of discriminatory discharge on the basis of sex/pregnancy in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**A STATE LAW CLAIM OF FAILURE TO ACCOMMODATE ON THE BASIS OF**
**PREGNANCY IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS**

119. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations
of each of the foregoing paragraphs as if fully incorporated.

120. As factually plead in the Second Cause of Action, on or about July 13, July 28 and
August 4 of the year 2021, Defendants failed to accommodate Plaintiff's pregnancy
which then led to her termination on August 25, 2021, all in violation of the HRL § 296.
(See **Exhibits D; E and F**).

121. Therefore, to remedy this claim of failure to accommodate claim on the basis of
pregnancy in violation of HRL § 296 Plaintiff demands from Defendants lost wages,
front pay, back pay, lost benefits of employment, attorneys fees and the costs for the
prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of
good name and character as well as a claim of punitive damages.

**AS AND FOR AN NINTH CAUSE OF ACTION**
**A STATE LAW CLAIM OF RETALIATORY DISCHARGE ON THE BASIS OF SEX**
**AND/OR PREGNANCY IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS**

122. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations
of each of the foregoing paragraphs as if fully incorporated.

123. As factually plead in the Third Cause of Action, on or about July 13, July 28 and
August 4 of the year 2021, Plaintiff engaged in protected activities concerning her

pregnancy which then led to her termination on August 25, 2021, all in violation of the HRL § 296.  (See **Exhibits D; E and F**).

124. Therefore, to remedy this claim of retaliatory discharge on the basis of sex/pregnancy in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR A TENTH CAUSE OF ACTION**
**A STATE LAW CLAIM OF DISCRIMINATORY DISCHARGE ON THE BASIS OF RELIGION IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS**

125. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

126. As factually plead in the foregoing Fourth Cause of Action, on August 25, 2021, Defendants discharged Plaintiff in violation of HRL § 296.

127. Therefore, to remedy this claim of discriminatory discharge on the basis of sex/pregnancy in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
**A STATE LAW CLAIM OF FAILURE TO ACCOMMODATE ON THE BASIS OF**
**RELIGION IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS**

128. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

129. As factually plead in the Fifth Cause of Action, on or about August 20, 2021, and August 22, 2021, Defendants failed to accommodate Plaintiff's religion which then led to her termination on August 25, 2021, all in violation of the HRL § 296. (See **Exhibits G and H**).

130. Therefore, to remedy this claim of failure to accommodate claim on the basis of religion in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**A STATE LAW CLAIM OF RETALIATORY DISCHARGE ON THE BASIS OF**
**RELIGION IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS**

131. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

132. As factually plead in the Sixth Cause of Action, on or about August 20, 2021, and August 22, 2021, Plaintiff engaged in protected activities concerning her religion which

then led to her termination on August 25, 2021, all in violation of the HRL § 296. (See

**Exhibits G and H**).

133. Therefore, to remedy this claim of retaliatory discharge on the basis of religion in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants, in all of their capacities, each of them, jointly and severally, for as follows:

   A.  Monetary compensatory damages including but not limited to lost wages, front pay, back pay, lost benefits of employment, mental anguish, loss of happiness, loss of reputation, loss of good name and character;

   B.  attorney's fees for the prosecution of this action;

   C.  the costs for the prosecution of this action;

   D.  Punitive damages;

   E.  Any and all damages compensable by Plaintiff under law or equity;

   F.  Such other and further relief as this Court determines to be just, fair, appropriate, and proper.

<u>**JURY DEMAND**</u>

Plaintiff demands a jury trial on all issues of fact stated herein.

Dated:  November 21, 2023                    Respectfully submitted,


                                             */s/ Zachary C. Oren*
                                             Zachary C. Oren, Esq.
                                             Bar Roll Number: 603001
                                             *Attorney for Plaintiff*
                                             Attorney at Law
                                             401 Rutger Street
                                             Utica, NY 13501
                                             Telephone: (570) 441-8818
                                             Email: z.c.oren@gmail.com

Dated:  November 21, 2023
                                             */s/ Kathryn M. Festine*
                                             Kathryn M. Festine, Esq.
                                             Bar Roll Number: 704885
                                             *Attorney for Plaintiff*
                                             FESTINE NELSON LLP
                                             258 Genesee Street, Ste. 307
                                             Utica, NY 13502
                                             Telephone: (315) 735-7900
                                             Email: kfestine@festinelaw.com