**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SAMANTHA O'NEIL,**

**Plaintiff,** **6:23-CV-1254 (MAD/ML)**

**vs.**

**HAMILTON COLLEGE**

**Defendant.**

---

**VANESSA COLANGELO,**

**Plaintiff,** **6:23-CV-1464 (MAD/ML)**

**vs.**

**HAMILTON COLLEGE**

**Defendant.**

---

**APPEARANCES:** **OF COUNSEL:**

**WARD ARCURI LAW FIRM** **ZACHARY C. OREN, ESQ.**
185 Genesee Street, Suite 1201
Utica, New York 13501
Attorney for Plaintiffs

**FESTINE NELSON LLP** **KATHRYN MARIE FESTINE, ESQ.**
258 Genesee Street - Suite 307
Utica, New York 13502
Attorney for Plaintiffs

**BOND SCHOENECK & KING, PLLC** **JONATHAN B. FELLOWS, ESQ.**
One Lincoln Center **SUZANNE M. MESSER, ESQ.**
Syracuse, New York 13202

Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On October 10, 2023, Plaintiff Samantha O'Neil filed a complaint against her former employer Defendant Hamilton College ("Hamilton College" or "Defendant") and affiliated members of Hamilton College for alleged discrimination and retaliation based on her status as a pregnant female. *See O'Neil v. Hamilton College*, No. 6:23-CV-01254, Dkt. No. 1. On November 21, 2023, Plaintiff Vanessa Colangelo (collectively, where appropriate, with Samantha O'Neil, "Plaintiffs") filed a complaint against Hamilton College alleging similar claims in addition to religious discrimination claims. *See Colangelo v. Hamilton College*, No. 6:23-CV-1462, Dkt. No. 1. Following the denial of Defendant's motions for summary judgment in each case, the actions were reassigned to the undersigned for the purposes of trial.[1] Presently before the Court is Plaintiffs' motion to consolidate the two cases. Defendant opposes consolidation.[2]

"Federal Rule of Civil Procedure 42(a) permits consolidation when two or more actions pending before the Court 'involve a common question of law or fact.'" *Reeder v. Annucci*, No. 9:16-CV-1161, 2017 WL 11464299, *1 (N.D.N.Y. May 11, 2017) (quoting FED. R. CIV. P. 42(a)). "'Consolidation is appropriate in order to serve the interests of "judicial economy."'" *Id.* (quoting *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009)); *see also Johnson v. Celotex Corp.*,

---

[1] The Court assumes the parties' familiarity with the facts and procedural posture of each case and will only recite such information as relevant to the Court's analysis.

[2] Plaintiffs filed identical motions to consolidate in each action. *See O'Neil v. Hamilton College*, No. 6:23-CV-01254, Dkt. No. 83; *Colangelo v. Hamilton College*, No. 6:23-CV-1462, Dkt. No. 88. Defendant filed identical oppositions in each action. *See O'Neil v. Hamilton College*, No. 6:23-CV-01254, Dkt. No. 84; *Colangelo v. Hamilton College*, No. 6:23-CV-1462, Dkt. No. 89. For ease of reference, the Court will cite the filings in the *O'Neil* case as the first filed action.

899 F.2d 1281, 1284 (2d Cir. 1990)). "Consolidation under Rule 42(a) is permissive rather than mandatory and in considering a motion to consolidate, trial courts retain 'broad discretion to determine whether consolidation is appropriate' in a particular case." *Reeder*, 2017 WL 11464299, at *1 (quoting *Johnson*, 899 F.2d at 1284-85). "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson*, 899 F.2d at 1285. Courts must also consider "the risk of inconsistent adjudications of common factual and legal issues" in holding separate trials. *Barkley v. Olympia Mortg. Co.*, 557 Fed. Appx. 22, 25 (2d Cir. 2014), *as amended* (Jan. 30, 2014) (summary order) (citation omitted).

"The party seeking consolidation 'bear[s] the burden to demonstrate that the actions in question share common issues of law or fact.'" *Reeder*, 2017 WL 11464299, at *1 (quoting *Webb v. Goord*, 197 F.R.D. 98, 101 (S.D.N.Y. 2000)). "'In this circuit, courts have taken the view that considerations of judicial economy ordinarily favor consolidation.'" *Brooks v. Hogan*, No. 9:15-CV-90, 2018 WL 10322879, *2 (N.D.N.Y. Feb. 26, 2018) (quoting *McChesney v. Hogan*, No. 9:08-CV-1186, 2009 WL 607398, *2 (N.D.N.Y. Dec. 23, 2008)).

Plaintiffs argue the cases should be consolidated because "both cases [are] with the same Defendant Hamilton College," share similar "issues," and "are in the exact same procedural posture." Dkt. No. 83-12 at 5. Plaintiffs contend many of the factors the Court must consider support consolidation including the following: (1) both Plaintiffs were employed by Defendant; (2) the procedural posture of the cases is identical in that discovery is complete and the cases are ready for trial; and (3) the same attorneys represent both sides in each action. *See id.* at 8. Plaintiffs also argue that the facts of the two cases support consolidation because "both cases are against Hamilton College for unlawfully terminating pregnant women on the same day pursuant to the same mandatory COVID-19 vaccination policy." *Id.* at 9.

Plaintiffs state that the disclosures made during discovery "demonstrate that Defendant Hamilton College's witness lists are practically identical, with the only exceptions being the Plaintiffs and one other witness . . . ." *Id.* They likewise aver that Defendant agreed to consolidate witness depositions for both cases. *See id.* at 11. Plaintiffs contend that "if the cases are not consolidated each Plaintiff will have to call the other one to support their case, as being a pregnant woman who was not accommodated." *Id.* at 10. Plaintiffs argue that holding two trials presents a risk of inconsistent verdicts from cases involving the same Defendant and common questions of fact. *See id.* at 12.

Defendant's perspective differs greatly. According to Defendant, these cases "are separate actions brought by separate plaintiffs, concerning separate employment relationships, separate communications, separate exemption requests, separate decision-making records, separate alleged injuries, and partially separate legal theories." Dkt. No. 84 at 9-10. Defendant notes that Plaintiffs "held different jobs in different departments" and "[t]hey reported to different supervisors and worked with different teams." *Id.* at 10. Therefore, Defendant avers "[t]he proof concerning whether each was qualified for her position, what her duties were, how her work was performed, and what witnesses possess relevant knowledge about her employment is therefore individualized." *Id.*

Defendant also asserts that the legal issues are diverse enough to warrant separate trials. Specifically, "O'Neil asserts pregnancy- and disability-related claims, while Colangelo asserts pregnancy- and religion-related claims." *Id.* at 10. Defendant argues, "Whatever limited common background facts may exist regarding the College's vaccine policy, the liability questions presented to a jury are not the same." *Id.* Defendant also notes that the issue of damages for each

Plaintiff is entirely separate. *See id.* at 11. On the issue of efficiency, Defendant contends "[a] joint trial would require the Court to manage separate witness examinations on distinct employment roles, separate chains of communications, separate accommodation histories, separate theories of liability, and separate damages proof." *Id.* at 16.

Defendant argues that a consolidated trial would prejudice Defendant because "[P]laintiffs will inevitably invite the jury to use the existence of two terminations on the same day as a proxy for discriminatory intent across the board . . . ." *Id.* Defendant contends any instructions limiting what the jury may consider would be ineffective in preventing prejudice and confusion. *See id.* at 15.

Having considered the parties' arguments, the entire record in each case, and the factors the Court must weigh in determining whether to consolidate the matters, the Court finds that consolidation is not warranted. Although there are numerous facts and legal issues which are common to both cases and one trial would save some judicial resources, the potential prejudice of consolidating the actions and the differences in the legal claims outweighs the potential efficiencies. The Court does not believe that a limiting instruction would be sufficient to prevent a jury from considering the cases together as potentially demonstrating a pattern of conduct on Defendant's part.[3] As such, the Court will try each case separately.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

[3] To the extent Plaintiffs contend they will need to call each other in their separate trials, the Court will handle that evidentiary issue as part of a pretrial motion.

**ORDERS** that Plaintiffs' motion to consolidate (*O'Neil v. Hamilton College*, No. 6:23-CV-01254, Dkt. No. 83; *Colangelo v. Hamilton College*, No. 6:23-CV-1462, Dkt. No. 88) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall file this Order in both actions; and the Court further

**ORDERS** that the Clerk of the Court shall schedule a telephone conference as soon as practicable to set firm trial dates for each case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 29, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge